1    LONGO & LONGO, LLP
     Lawrence M. Longo, Esq. (SBN 43519)
2    Frank J. Longo, Esq. (SBN 175519)
     2800 28th St., Suite #201
3    Santa Monica, CA 90405
     (310) 314-1482
4    Fax (310) 314-1480

5

6    Attorneys for Plaintiff
     Alison Kelleghan

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10          **CV 08 - 08458 GW (JWJx)**

11    ALISON KELLEGHAN,        )   **CASE NO.**
                                     )
12         Plaintiff,             )   **COMPLAINT FOR DAMAGES:**
                                       )
13                                        )   **1. 42 U.S.C. Sect 1983**
     vs.                             )   **2. Municipal Liability for Violation**
14                                        )   **of Civil Rights**
                                       )   **3. California Civil Rights Violations**
15    COUNTY OF LOS ANGELES; LOS   )   **4. Assault and Battery**
     ANGELES COUNTY SHERIFF'S      )   **5. False Imprisonment**
16    DEPARTMENT; SHERIFF LEE      )   **6. Intentional Infliction of Emotional**
     BACA, DEPUTY CEASAR          )   **Distress**
17    ORTEGA, DOES 1through 10,      )   **7. Negligence Infliction of Emotional**
                                       )   **Distress**
18                                        )   **8. Negligent Hiring, Training,**
        Defendants.           )   **Supervision and or Retention**
19                                        )   **9. Negligence**
                                       )
20                                        )   **DEMAND FOR JURY TRIAL**
21    _____ )

22       Plaintiff ALISON KELLEGHAN ("Plaintiff") makes the following

23    allegations, based on information and belief, to support this Complaint:

24                    **JURISDICTION AND VENUE**

25       1.      The jurisdiction of this court is invoked under 28 U.S.C. Sections

26    1331 and 1343 in this action under 42 U.S.C. Section 1983, wherein Plaintiff

27    seeks to redress deprivations by Defendants County of Los Angeles, Los Angeles

28    County Sheriff's Department,  Sheriff Lee Baca, Officer Ceasar Ortega,

1.

---

COMPLAINT FOR DAMAGES

1  ("ORTEGA") in his individual and official capacity, acting under color of state

2  law, of rights secured by the Fourth and Fourteenth Amendments to the United

3  States Constitution and the laws of the United States.  This Court has

4  supplemental jurisdiction over those claims asserted under state law by virtue of

5  28 U.S.C. Section 1367.

6      2.    Venue is proper in this judicial district by virtue of 28 U.S.C. Section

7  1391 because, among other things, the acts and omissions complained of occurred

8  in this judicial district and because one or more of the Defendants reside in this

9  judicial district and all of the Defendants reside in California.

10                              **THE PARTIES**

11     3.    At all relevant times, Plaintiff Alison Kelleghan ("Plaintiff") was and

12  is  a citizen of the United States of America and the State of California.  On or

13  about April 24, 2008, Plaintiff was and at all times during the events alleged in

14  this complaint was a resident of the County of Riverside, State of California.

15     4.    Plaintiff is informed and believes and thereon alleges that at all

16  relevant times, Defendants County of Los Angeles ("LAC") and Los Angeles

17  County Sheriff's Department ("LASD") are California government agencies

18  responsible for the private individual's information that is accessible by its

19  employees including Defendant and for the supervision, hiring and training of

20  LASD Correctional Officers and other employees of the LASD.

21     5.    Plaintiff is informed and believes and thereon alleges at all relevant

22  times since, Defendant Sheriff Lee Baca was and is the Officer in charge of the

23  LASD.  Plaintiff is further informed and believes and thereon alleges that at all

24  relevant times, Defendant Sheriff Lee Baca was responsible for the oversight of all

25  employees of the LASD and was responsible for implementing policies regarding

26  information accessible by its employees, how those employees use that

27  information, the contact its employees have with private individuals and the

28  hiring, training and supervision of employees of the LASD.  Defendant Sheriff

COMPLAINT FOR DAMAGES

1  Lee Baca is being sued in his official and individual capacity.

2      6.    Plaintiff is informed and believes and thereon alleges at all relevant
3  times Defendant ORTEGA was an officer employed by the LASD at the Los
4  Angeles Sheriff's Department Mens Central Detention Center in Los Angeles
5  County and that this Defendant is responsible for Plaintiff's damages. Defendant
6  ORTEGA of the LASD is sued in his official and individual capacity.

7      7.    Plaintiff is unaware of the true identities and capacities of DOES 1-10
8  employees or agents of the LASD and for that reason sue those Defendants by
9  such fictitious names. Plaintiffs are informed and believe and thereon allege that
10  each of the fictitiously named Defendants is in some manner and to some extent
11  liable for the injuries alleged in the Complaint. Plaintiffs will seek leave to amend
12  this Complaint to allege the true identities and capacities of those fictitiously
13  named Defendants when they are determined.

14      8.    Plaintiff is informed and believes and thereon alleges that each
15  Defendant is, and at all times mentioned was, the agent, employee or
16  representative of each other Defendant. Each Defendant, in doing the acts, or in
17  omitting to act as alleged in this Complaint, was acting within the scope of his or
18  her actual or apparent authority or the alleged acts and omissions of each
19  Defendant as agent subsequently were ratified and adopted by each other
20  Defendant as principal.

21      9.    Plaintiff is informed and believes and thereon alleges that all
22  Defendants, at all times relevant to the allegations herein, acted under the color of
23  state law, and each Defendant, except the LAC and LASD, is sued in his official
24  and individual capacity. Liability under California law for all government
25  employees is based upon California Government Code Section 820 and Civil Code
26  Sections 52 and 52.1. Liability under federal law for all government entity
27  employees is based upon 42 U.S.C. § 1983. Plaintiff presented a claim prior to
28  filing of this lawsuit for damages to the County Clerk of the County of Los

---

3.

COMPLAINT FOR DAMAGES

1    Angeles pursuant to Government Code Section 910 et. seq on June 30, 2008 and
2    received a letter of rejection.

3                    **FACTS COMMON TO ALL COUNTS**

4         10.   Plaintiff was deprived of an interest protected by the Constitution or
5    laws of the United States, and Defendants, and each of them, caused any such
6    deprivation while acting under color of state law.

7         11.   Plaintiff is informed and believes and thereon alleges that all acts or
8    omissions alleged to have been engaged in by any Defendant are alleged to have
9    been engaged in with evil motive and intent, and/or in callous, reckless, and
10   wanton disregard to the rights of Plaintiff.

11        12.   Plaintiff is informed and believes and thereon alleges that any
12   governmental entity Defendant or supervisor has knowingly, or with deliberate
13   indifference to the constitutional and statutory rights of persons within the
14   jurisdiction of the United States of America, maintained or permitted an official
15   policy or custom of permitting the occurrence of the types of wrongs set forth
16   herein, therefore is liable for all injuries sustained by Plaintiff as set forth herein.

17        13.   Plaintiff timely filed Tort Claims with the appropriate California
18   agencies, which have been denied.  Defendants' liability under California law is
19   premised on Government Code Sections 815.2 and 820.

20        **Plaintiff suffered severe physical and emotional injuries as a result of**
21        **Defendants' acts and omissions.**

22        14.   Plaintiff is informed and believes and thereon alleges the following:
23             On April 23, 2008, in the early evening, Plaintiff had called Mens Central
24   Jail a Detention Center in Los Angeles County, to learn the release date of an
25   inmate.  Plaintiff was connected with Defendant ORTEGA, Plaintiff inquired of
26   him what the release date was of an inmate.  Defendant Officer ORTEGA asked
27   Plaintiff for the inmate's booking number and informed Plaintiff of the inmates
28   upcoming release date.  Defendant Officer ORTEGA then asked for Plaintiff's

                                    4.
                    COMPLAINT FOR DAMAGES

1   name, Plaintiff stated her name was Alison Jones and Defendant ORTEGA

2   corrected her and stated I show your name as Alison Kelleghan and told her her

3   address.  Officer ORTEGA then commented on how long the inmate had been in

4   prison, stating " wow that is a long time, I bet you haven't had any in a while".

5   Officer ORTEGA then stated he would see what he could find out about an early

6   release date and he would print it up and bring it to Plaintiff.  Officer ORTEGA

7   then called Plaintiff back on her the phone and informed her that he had some

8   good news regarding the inmates release date and would bring it to her, Plaintiff

9   told Officer ORTEGA that he did not need to bring her any papers, he said "well I

10  printed up the papers and I think you are gonna like the release date."

11      15.    At approximately 11:20 p.m., Officer ORTEGA appeared at

12  Plaintiff's door.  When Plaintiff opened the door to her house, Officer ORTEGA

13  followed her inside, where he sexually assaulted, raped and sexually penetrated

14  Plaintiff. At no time did Plaintiff consent to any sexual activity with Officer

15  ORTEGA. The actions by Officer ORTEGA were accomplished against Plaintiff's

16  will.

17      16.    Officer ORTEGA accomplished the acts of sexual intercourse,

18  penetration, and oral copulation by means of physically forcing Plaintiff to engage

19  in those acts against her will. Plaintiff was prevented from resisting the acts of

20  sexual sexual penetration and oral copulation by Officer ORTEGA, who, by his

21  actions, instilled fear of further physical injury or death in Plaintiff.

22      17.    At all relevant times during Officer ORTEGA's sexual assault on

23  Plaintiff he was wearing the uniform of a Los Angeles County Sheriff's

24  Department police officer including his holstered gun.

25      18.    When Officer ORTEGA entered and followed her into Plaintiff's

26  home Officer ORTEGA was armed with a firearm and other weapons, and had

27  other equipment which, on information and belief, are issued to LASD police

28  officers by the LASD.

COMPLAINT FOR DAMAGES

19.    Officer ORTEGA used express and/or implied threats of the use of his authority as a LASD police officer to utilize force against Plaintiff, to force her to engage in sexual activity with him against her will.

20.    Plaintiff was further unable to resist Officer ORTEGA because she was in fear for the life of her son and herself, which condition was so obvious that Plaintiff knew or reasonably should have known about it.

21.    Plaintiff called Riverside Police Department to report the crime. The Riverside Police Department responded to the call and Plaintiff subsequently went to the hospital where she did a SART rape test. After the acts committed by Defendant Ortega, Ortega called Plaintiff and threatened her if she spoke to law enforcement that bad things would happen to her.

22.    As a direct, foreseeable, proximate and legal result of the acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, humiliation, shame, despair, embarrassment, depression, mental and physical pain and anguish, severe emotional distress, worry and fear. Plaintiff's damages are severe and permanent. Plaintiff has suffered economic damages and non-economic damages in an amount to be determined at trial

23.    Plaintiff  is informed and believes and thereon alleges that supervisory officials of the LAC, LASC, including Sheriff Lee Baca, failed to properly train, hire, retain and supervise the LASD employees, including Deputy ORTEGA, who caused Plaintiff's damages and failed to properly supervise the operations of the Mens Central Jail and therefore are responsible for her damages.

**The acts, omissions, policies, practices and customs of officials of the LASD California Department of Corrections were a direct cause of Plaintiff's damages.**

24.    Plaintiff is informed and believes and thereon alleges that prior to April 23, 2008, the LASD, acting through its officials and employees (including Deputy ORTEGA), maintained, fostered and condoned an official policy, practice

6.

COMPLAINT FOR DAMAGES

1 or custom of deliberate indifference to the health and safety of private individuals

2 and their personal information, including Plaintiff, which was a direct cause of

3 Plaintiff's damages. Plaintiff is informed and believes and thereon alleges that

4 Defendants' policy, custom and practice of deliberate indifference to the rights and

5 safety of these individuals, includes, among other things: i) Defendants' deliberate

6 failure to properly supervise, hire, and train employees of the LASD who are

7 prone to violating the rights of others and breaking the law.

8       25.    Plaintiff is further informed and believes and thereon allege that the

9 above described official customs, policies or practices and actions of the

10 Defendants constituted deliberate indifference to the constitutional and statutory

11 rights of persons, such as Plaintiff.  Plaintiff is further informed and believes and

12 thereon alleges that this official policy, practice or custom and/or Defendants'

13 actions and omissions were a direct and proximate cause of Plaintiff's damages.

**COUNT ONE**

**VIOLATION OF 42 U.S.C. § 1983**

**(Against Defendant ORTEGA as an individual and in his**

**Official Capacity as a LASD police officer)**

18   26. Plaintiff hereby repeats, realleges and incorporates by reference, as

19 though fully set forth herein, the allegations contained in each of the preceding

20 and succeeding paragraphs.

21   27. Officer ORTEGA's actions, including but not limited to raping, sexually

22 penetrating, sexually assaulting Plaintiff, deprived Plaintiff of her rights under the

23 Constitution and laws of the United States, including but not limited to her rights

24 to be free from unreasonable search and seizure, under the 4th and 14th

25 Amendments to the United States Constitution, and her rights to due process and

26 equal protection of the laws under the 14th Amendment to the U.S. Constitution.

27   28. Defendant ORTEGA acted under color of state law in that:

28   a)    at all relevant times he was employed as a LASD police officer;

7.

COMPLAINT FOR DAMAGES

b)      ORTEGA'S attack on Plaintiff was precipitated by his use of his authority as a LASD police officer;

c)      immediately before and during his attack on Plaintiff he wore the uniform and badge of a LASD police officer;

d)      at all relevant times ORTEGA carried weapons and equipment issued to him by the LASD in his capacity as a LASD police officer;

29.     As a proximate result of the conduct by Defendant ORTEGA, Plaintiff has suffered general, special, economic, and non-economic damages, including but not limited to severe emotional distress, in an amount to be proven at the time of trial.

30.     The actions of Defendant ORTEGA were extreme, outrageous, the product of evil motive, reckless and/or callous. Therefore, Plaintiff is entitled to punitive or exemplary damages from Defendant ORTEGA only, in his individual capacity in an amount to be determined at the time of trial.

## COUNT TWO

## MUNICIPAL VIOLATION OF CIVIL RIGHTS

### (42 U.S.C. Section 1983)

### (Against LAC, LASD and Does 1 through 10)

31.     Plaintiff hereby repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in each of the preceding and succeeding paragraphs

32.     This complaint sets forth a claim for deprivation of civil rights for violation of the Fourth and Fourteenth Amendments to the United States Constitution against Defendants and is redressable pursuant to 42 U.S.C. Section 1983.  In particular, Defendants Officer ORTEGA violated Plaintiff's rights by, among other things:  i) deliberately or with deliberate indifference to Plaintiff's rights by accessing her personal information, going to her residence, raping, sexually penetrating and sexually assaulting Plaintiff.

8.

COMPLAINT FOR DAMAGES

33.    As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff was deprived of her rights under the Fourth and Fourteenth Amendments of the United States Constitution and of the laws of the United States and has suffered damages, including severe and permanent physical injuries.

34.    At all times herein mentioned, Defendants LAC and LASD knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have a propensity for violence, dishonesty, and additional abuses of their duties as peace offices in the employment of the County of Los Angeles.

35.    Defendants LAC and LASD knowingly maintained or permitted an official policy or custom of permitting the occurrences of the types of wrongs set forth above by, among other things, failing and refusing to investigate or discipline police officers known to have repeatedly violated the constitutional rights of the inmates.  Additionally, Defendants County of Los Angeles and the LASD are charged with deliberate indifference and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2019 (1978), are liable for all injuries and damages sustained by Plaintiffs.

36.    Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendants County of Los Angeles and the LASD  maintained a policy, pattern, practice and custom of permitting, encouraging and ratifying the use of unnecessary and unreasonable force, and acting with reckless indifference to the rights of members of the public and inmates by, among other things:

a. failing to properly train officers and conduct an adequate

9.

COMPLAINT FOR DAMAGES

1    background investigation of ORTEGA at the time that he was hired;

2            b. failing to discipline officers known to have a propensity for

3    violence, the use of unnecessary and unreasonable force, and/or discrimination

4    against individuals on the basis of race, ancestry, national origin or gender;

5            c. continuing to assign such officers to duties where they are likely to,

6    and indeed do, injure members of the public;

7            d. covering up the abuse of unnecessary force by its officers and

8    thereby conveying to them its approval and/or lack of concern about police

9    violence;

10           e. refusing to discipline adequately individual officers and employees

11   found to have committed similar acts of abuse and misconduct;

12           f. refusing to investigate competently and impartially allegations of

13   abuse and misconduct alleged to have been committed by members of the LASD;

14           g. reprimanding, threatening, intimidating, demoting and firing

15   officers who reported acts of abuse by other officers;

16           h. covering up acts of misconduct and abuse by members of the

17   LASD;

18           i. rewarding police officers who displayed aggressive and abusive

19   behavior towards members of the public;

20           j. sanctioning, condoning and approving a department wide code of

21   silence, a euphemism for perjury and dishonesty by peace officers; and

22           k. allowing officers to access personal information of private citizens

23   and then misuse said information.

24       37.    Plaintiff is  informed and believes and thereon alleges that on or

25   about April 23, 2008, and for some time prior thereto, Defendants LAC and the

26   LASD knew or should have known, that the Defendant ORTEGA had propensities

27   for violence and for abusing their authority but that Defendants LAC and the

28   LASD failed to train, supervise, discipline, and ratified, authorized or directed the

10.

COMPLAINT FOR DAMAGES

1   violent acts and abuses of power committed by this officer.

2       38.   As a direct and legal result of the aforementioned wrongful acts of the

3   individual Defendants, and the aforementioned policy, pattern, practice or custom

4   of the governmental entity Defendants, Defendants violated the rights of Plaintiffs

5   as guaranteed by the Fourth and Fourteenth Amendments to the United States

6   Constitution.

7       39.   Defendants' acts and omissions as hereinbefore alleged proximately

8   caused Plaintiffs to sustain great pain and shock to their nervous systems,

9   humiliation, fear, anxiety, torment, degradation and extreme emotional distress.

10      40.   By reason of the aforementioned acts and omissions of Defendants,

11  Plaintiff did and will continue to incur medical and psychological treatment

12  expenses in the future in an amount as proved at trial.

13      41.   By reason of the aforementioned acts and omissions of Defendants,

14  Plaintiffs were compelled to secure the services of an attorney at law to redress the

15  wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and

16  liable for legal costs, including attorney's fees.

17      42.   Plaintiffs are informed and believe and thereon allege that the

18  aforementioned acts and omissions of Defendants, were willful, malicious,

19  intentional, oppressive and despicable and were done in willful and conscious

20  disregard of the rights, welfare and safety of Plaintiffs, thereby justifying the

21  award of punitive and exemplary damages in an amount as proved at trial (except

22  as against the government entity Defendants).

23      43.   Plaintiff is informed and believes and thereon alleges that the

24  aforementioned acts of Defendants were willful, malicious, intentional,

25  oppressive and despicable and/or were done in willful and conscious disregard of

26  the rights, welfare and safety of Plaintiff, thereby justifying the awarding of

27  punitive and exemplary damages against all Defendants (other than the

28  government entity Defendants).

---

11.

COMPLAINT FOR DAMAGES

1    44.    As a result of Defendants' conduct as alleged herein, Plaintiff is

2    entitled to attorneys' fees pursuant to 42 U.S.C. Section 1988.

3

4                              **COUNT THREE**

5                        **California Civil Rights Violations**

6        **Under California Civil Code Sections 51.7, 52.1, 52.4, and 1708.5**

7            **(Against all Defendants and DOES except as to Section 52.4,**

8                    **which is against Defendant ORTEGA individually)**

9    45.    Plaintiff hereby repeats, realleges and incorporates by reference, as

10   though fully set forth herein, the allegations contained in each of the preceding

11   and succeeding Paragraphs.

12   46.    Through his actions in sexually assaulting Plaintiff, Defendant

13   ORTEGA

14   violated numerous provisions of California's Unruh and Bane Civil Rights Acts..

15        a)    Defendant ORTEGA acts violated Cal. Civil Code Section 51.7

16   (Freedom from Violence or Intimidation) in that his sexual assault against Plaintiff

17   violated Plaintiff's. right to be free from violence or intimidation by threat of

18   violence committed against her person on account of her sex.

19        b)    Defendant ORTEGA violated California Civil Code Section

20   52.1 (Civil Action for Protection of Rights) in that, by sexually assaulting

21   Plaintiff, Defendant ORTEGA interfered or attempted to interfere by threats,

22   intimidation, and/or coercion with Plaintiff's exercise and/or enjoyment of rights

23   secured by the Constitution or laws of the United States and/or the Constitution or

24   laws of the State of California, including but not limited to:

25            i.    US Constitution, Fourth and Fourteenth Amendments

26            ii.    42 U.S.C. Sec. 1983;

27            iii.    California Constitution, Art. 1, Secs. 1, 7, 13, 15;.

28            iv.    Cal. Civil Code Secs. 43, 51.7, 5L9, 52.3, 52.4., 1708,

12.

COMPLAINT FOR DAMAGES

1   1708.5, 1708.7, 1709, 3333;

2      c)  Defendant ORTEGA's (as an individual only) actions against

3   Plaintiff in this case violated California Civil Code. Sec.. 52.4. (Civil Action for

4   Damages Arising from Gender Violence) in that

5        i. Under California state law, Defendant ORTEGA' acts would

6   constitute the criminal offenses in violation of the following sections of the

7   California Penal Code: Rape (Sec. 261); Forcible Acts of Sexual Penetration (Sec.

8   289); Unlawful sexual intercourse, sexual penetration (Sec. 266c); Assault with

9   intent to commit rape, sexual penetration (Sec. 220); False imprisonment. (Sec.

10  236); Battery (Sec. 242) Sexual batter) (243.4).

11       ii.  Each of these Penal Code sections has as an element the

12  use, attempted use, or threatened use of physical force against the person or

13  property of another.

14       iii.  Defendant ORTEGA acts of sexual assault were

15  committed at least in part based on the gender of the victim, Plaintiff.

16       iv.  Defendant ORTEGA' acts, described above, caused

17  Plaintiff to suffer a physical intrusion or physical invasion of a sexual nature under

18  coercive conditions.

19    d)  Defendant ORTEGA's actions violated California Civil Code Sec.

20  1708.5 (Sexual Battery) in that:

21       i.  ORTEGA acted with an intent to cause a harmful or

22  offensive contact with the intimate parts of Plaintiff, and a sexually offensive

23  contact with Plaintiff directly or indirectly resulted, (Civil Code Sec. 1708.5(a)(1);

24       ii.  Defendant ORTEGA acted with an intent to cause a

25  harmful or offensive contact with Plaintiff by use of his intimate part, and a

26  sexually offensive contact with Plaintiff directly or indirectly resulted, (Cal. Civil

27  Code Sec. 1708.5(a)(2));

28       iii.  Defendant ORTEGA acted with an intent to cause an

13.

COMPLAINT FOR DAMAGES

1   imminent apprehension of the conduct described in the prior two paragraphs, and a
2   sexually offensive contact with Plaintiff directly or indirectly resulted, (Cal. Civil
3   Code Sec. 1708.5(a)(3)).

4       47.     Defendant ORTEGA' actions were undertaken within the scope of his
5   employment as a police officer.  Defendants LAC, LASD and DOES1-10 were and
6   are liable for Plaintiff's injuries and damages as alleged herein, pursuant to Cal.
7   Gov. Code Sec. 815.2 to the same degree and extent as Defendant ORTEGA.

8       48.     Public entity liability for sexual assault by police officers against
9   detainees is well established under California law. See, *Mary M. v. City of Los 3*
10  *Angeles* (1991) 54 Cal.3d 202, 217.

11      49.     As a LASD police officer, Defendant ORTEGA was granted great
12              power by the
13  Los Angeles County and LASD over the persons he in came in contact with.
14  ORTEGA
15  was empowered to detain individuals at gunpoint, place them in handcuffs,
16  remove
17  them from their vehicles or residences, frisk detainees without their consent, order
18  them into police cars and in some circumstances, use force to restrain or subdue
19  detainees, including deadly force. See, *Mary M. v. City of Los Angeles* (1991) 54
20  10 Cal. 3 d 202, 217.

21      50.     The misuse of such power is foreseeable by the employing agency.
22              "In view of the
23  considerable power and authority that police officers possess, it is neither startling
24  nor unexpected that on occasion an officer will misuse that authority by engaging
25  in assaultive conduct. The precise circumstances of the assault need not be
26  anticipated, so long as the risk is one that is reasonably foreseeable. Sexual
27  assaults by police officers are not uncommon; nevertheless, the risk of such
28  tortious conduct is broadly incidental to the enterprise of law enforcement, and

14.

1 thus liability for such acts may appropriately be imposed on the employing public
2 entity. *See, Mary M. v. City of Los Angeles* (1991) 54 Cal..3d 202, 217-218.

3    51.    In addition to being liable to Plaintiff pursuant to Cal. Gov. Code Sec.
4          21 815.2,

5 Defendants LAC, LASD, and DOES 1-10 are independently and directly liable to
6 Plaintiff for violation of Cal. Civil Code Sec. 52.1 due to their reckless disregard
7 of and deliberate indifference to the safety and constitutional/legal rights of
8 persons who come in contact with the LASD Police Department in their hiring,
9 retaining, training, and supervising Defendant ORTEGA.

10    52.    As a proximate result of Defendants' interference or attempted
11          interference

12 with Plaintiff's exercise or enjoyment of rights under the aforementioned statutes
13 and Constitutional provisions, Plaintiff suffered and will continue to suffer
14 general, special, economic and non-economic damages, recoverable as provided
15 for in California Civil Code Sec. 52, including but not limited to severe emotional
16 distress, in an amount to be proven at trial,

17    53.    Plaintiff is further entitled to recover civil penalties, exemplary and
18          punitive

19 damages and attorney's fees as provided by California Civil Code Sec. 52, 52.1,
20 and 1708.5.

21    54.    The actions of Defendant ORTEGA were extreme, outrageous, the
22          product of evil

23 motive, reckless and/or callous. Defendant ORTEGA' actions constituted malice,
24 fraud and oppression within the meaning of Cal. Civil Code Sec. 11 3294.
25 Therefore, Plaintiff is entitled to punitive or exemplary damages from Defendant
26 ORTEGA in an amount to be determined at the, time of trial.

27
28

COMPLAINT FOR DAMAGES

## COUNT FOUR

### Assault and Battery

### (Against all Defendants and DOES)

55.     Plaintiff hereby. repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in each of the preceding Paragraphs.

56.     Defendant ORTEGA intentionally caused harmful and offensive contact and force with Plaintiff's person by his willful and intentional acts of pushing her down, removing her clothing, sexually penetrating her and raping her and other harmful and offensive touching that Defendant committed against Plaintiff.

57.     Plaintiff did not consent to any of ORTEGA' offensive contact or attempted contact with her person.

58.     Defendant ORTEGA threatened and instilled in Plaintiff an apprehension, intimidation, and fear of immediate, offensive, violent and unlawful injury on her person, and actual injury on her person.

59.     At all times, Defendant ORTEGA had a present ability to carry out such threats. Defendant ORTEGA' actions were undertaken within the scope of his employment as a police officer.  Defendants LAC, LASD and DOES10 were and are liable for Plaintiff's injuries and damages as alleged herein, pursuant to Cal. Gov. Code Sec. 815.2 to the same degree and extent as Defendant ORTEGA.

60.     In addition to being liable to Plaintiff under Cal. Gov. Code Sec. 815.2,. Defendants LAC, LASD and DOES 1-20 are independently and directly liable to Plaintiff for violation of Cal. Civil Code Sec. 1708.5 due to their reckless disregard of the safety and constitutional/legal rights of persons who come in contact with LASD Police Department in their hiring, retaining, training and supervising Defendant ORTEGA.

16.

COMPLAINT FOR DAMAGES

1    61.    As a further direct, proximate and legal result of the acts of

2    Defendants, Plaintiff has suffered general, special, economic and non-economic,

3    damages, including but not limited to severe emotional distress, according to proof

4    at trial.

5    62.    Defendant ORTEGA' actions as herein alleged were done with the

6    intent to injure and with a conscious disregard of the rights and safety of Plaintiff.

7    ORTEGA actions were malicious, oppressive, and fraudulent within the meaning

8    of Cal. Civil Code Sec. 3294. Plaintiff is therefore entitled to exemplary damages

9    against Defendant ORTEGA in an amount to be determined at the time of trial.

10    **COUNT FIVE**

11    **False Imprisonment**

12    **(Against All Defendants and DOES)**

13    63.    Plaintiff hereby repeats, realleges and incorporates by reference, as

14    though fully set forth herein, the allegations contained in each of the preceding

15    Paragraphs.

16    64.    Defendant ORTEGA intentionally deprived Plaintiff of her freedom

17    of movement by use of, and threats of force Plaintiff did not consent to the

18    imprisonment.

19    65.    As a result of the imprisonment, Plaintiff sustained general, special,

20    economic, and non-economic damages including but not limited to severe

21    emotional distress, in an amount to be proven at trial.

22    67.    Defendant ORTEGA' actions were undertaken within the scope of his

23    employment as a police officer.  Defendants LAC, LASD and DOES 1-10 were

24    and are liable for Plaintiff's injuries and damages as alleged herein, pursuant to

25    Cal. Gov. Code Sec. 815,2, to the same degree and extent as Defendant ORTEGA.

26    68.    In addition to being liable to Plaintiff under Gov. Code Sec. 815.2 .

27    pursuant to the doctrine of respondeat superior, Defendants LAC,  LASD and

28    DOES' 1-10 are independently and directly liable to Plaintiff for ORTEGA' false

17.

COMPLAINT FOR DAMAGES

1  imprisonment of Plaintiff due to their reckless disregard and deliberate

2  indifference to public safety in hiring, retaining, training, and supervising

3  Defendant ORTEGA.

4      69.    The actions of Defendant ORTEGA were extreme, outrageous, the

5  product of evil motive, reckless and/or callous. Defendant ORTEGA'S actions

6  constituted malice, fraud and oppression within the meaning of Cal. Civil Code

7  Sec.3294. Therefore, Plaintiff is entitled to punitive or exemplary damages from

8  Defendant ORTEGA in an amount to be determined at the time of trial.

9                        **COUNT SIX**

10            **Intentional Infliction of Emotional Distress**

11                **(Against All Defendants and DOES)**

12     70.    Plaintiff hereby repeats, realleges and incorporates by reference, as

13  though fully set forth herein, the allegations contained in each of the preceding

14  and succeeding paragraphs.

15     71.    ORTEGA'S conduct as described herein was extreme and outrageous

16  in nature, such that no member of society ought to suffer such conduct.

17     72.    Defendant ORTEGA intended to cause, or recklessly disregarded the

18  probability of causing, severe emotional distress when he raped, sexually

19  penetrated and sexually assaulted Plaintiff.  Defendant ORTEGA should have

20  known that emotional distress was substantially certain to result from his

21  outrageous conduct.

22     73.    As a proximate result of the conduct of Defendant ORTEGA, Plaintiff

23  has suffered and continues to suffer anxiety, humiliation, shame, despair,

24  embarrassment, depression, mental and physical pain and anguish, severe

25  emotional distress, worry and fear, all to Plaintiff's damage in an amount to be

26  proven at the time of trial.

27     74.    Defendant ORTEGA' actions were undertaken within the scope of his

28  employment as a police officer. Under Cal. Gov. Code Sec. 815.2, Defendants

1  LAC, LASD, as public entities, are liable for injury proximately caused by an act

2  or omission of their employee within the scope of his employment if the act or

3  omission would have given rise to a cause of action against that employee or his

4  personal representative, pursuant to the doctrine of respondeat superior.

5      75.    In addition to being liable to Plaintiff under Gov. Code Sec. 815.2

6  pursuant to the doctrine of respondeat superior, Defendants LAC, LASD and

7  DOES 1-10 are independently and directly liable to Plaintiff for ORTEGA'S

8  actions due to their reckless disregard and deliberate indifference to public safety

9  in hiring, retaining, training, and supervising Defendant ORTEGA.

10     76.    As a result of Defendants' actions, Plaintiff has suffered economic,

11  non-economic, general and special damages in an amount to be proven at trial.

12     77.    Defendant ORTEGA'S actions constituted malice, fraud and

13  oppression within the meaning of Cal. Civil Code Sec. 3294.  Therefore, Plaintiff

14  is entitled to punitive or exemplary damages from Defendant ORTEGA in an

15  amount to be determined at the time of trial.

16                          **COUNT SEVEN**

17              **Negligent Infliction of Emotional Distress**

18                  **(Against All Defendants and DOES)**

19     78.    Plaintiff hereby repeats, realleges and incorporates by reference, as

20  though fully set forth herein, the allegations contained in each of the preceding

21  and succeeding paragraphs.

22     79.    In the alternative, if the incidents which are the subject of this

23  Complaint were not engaged in intentionally, they were engaged in negligently.

24     80.    Defendant ORTEGA owed a duty to use reasonable care in protecting

25  the safety and respecting the constitutional and legal rights of Plaintiff when he

26  obtained her personal information and came in contact with her pursuant to his

27  authority, as a LASD police officer.

28     81.    ORTEGA breached that duty owed to Plaintiff by raping, sexually

                                19.

1    penetrating and sexually assaulting Plaintiff.

2        82.    Defendant ORTEGA reasonably should have known that severe

3    emotional distress was substantially certain to result from such extreme and

4    outrageous conduct.

5        83.    As a proximate result of the conduct by Defendant ORTEGA,

6    Plaintiff has suffered and continues to suffer anxiety, humiliation, shame, despair,

7    embarrassment, depression, mental and physical pain and anguish, severe

8    emotional distress, worry and fear, all to Plaintiff's damage in an amount to be

9    proven at the time of trial.

10       84.    Defendant ORTEGA' actions were undertaken within the scope of his

11   employment as a police officer.  Defendants LAC, LASD and DOES 1-10 were

12   and are liable for Plaintiff's injuries and damages as alleged herein, pursuant to

13   Cal. Gov. Code Sec. 815.2, to the same degree and extent as Defendant ORTEGA.

14       85.    In addition to being liable to Plaintiff under Gov. Code Sec. 815.2

15   pursuant to the doctrine of respondeat superior, Defendants LAC, LASD and

16   DOES 1-10 are independently and directly liable to Plaintiff for Negligent

17   Infliction of Emotional Distress.

18       86.    Defendants LAC, LASD and DOES 1-10 owed a duty to use

19   reasonable care in hiring; retaining, training and supervising police officers who

20   would use reasonable care in protecting the safety and respecting the

21   constitutional and legal rights of individuals, their personal information and those

22   who come into contact with employees of the LAC and LASD.

23       87.    Defendants LAC and LASD and DOES 1-10 breached that duty owed

24   to Plaintiff by hiring, retaining and failing to properly train or supervise ORTEGA,

25   who, on information and belief, Defendants LAC, LASD and DOES 1-10 knew or

26   should have known was manifestly unfit to be a police officer.

27       88.    Defendants LAC, LASD and DOES 1-10 reasonably should have

28   known that severe emotional distress was substantially certain to result from

COMPLAINT FOR DAMAGES

1    ORTEGA'S improper treatment of persons who he came in contact with him.

2        89.    As a proximate result of the conduct by Defendants LAC, LASD and

3    DOES 1-20, Plaintiff has suffered and continues to suffer anxiety, humiliation,

4    shame, despair, embarrassment, depression, mental and physical pain and anguish,

5    severe emotional distress, worry and fear, all to Plaintiff's damage in an amount to

6    be proven at the time of trial.

7    **COUNT EIGHT**

8    **Negligent Hiring, Training, Supervision and or Retention**

9    **(Against Defendants LAC, LASD and DOES)**

10        90.    Plaintiff hereby repeats, realleges and incorporates by reference, as

11    though fully set forth herein, the allegations contained in each of the preceding

12    and succeeding paragraphs.

13        91.    Defendants LAC, LASD and DOES 1-10 owe persons who are whose

14    information is accessible to its employees and individuals who come in contact

15    with its employees under the authority of the LASD a duty of reasonable care to:

16        a)    hire individuals who are competent and appropriate for the

17    position of police officer;

18        b)    provide adequate training to such employees so that they

19    perform their duties as Police officers adequately, correctly, and within the bounds

20    of the law;

21        c)    retain only such police officers as are competent and who

22    discharge their job duties adequately and appropriately; and

23        d)    adequately supervise police officers to ensure competent and

24    adequate performance.

25        92.    As a LASD police officer, Defendant ORTEGA was granted great

26    power by the LAC and LASD over the private citizens personal information and

27    those who he came in contact with through the use of that information. ORTEGA

28    was empowered to access private individuals personal information, detain

1   individuals at gunpoint, place them in handcuffs, remove them from their vehicles
2   or residences, frisk detainees without their consent, order them into police cars and
3   in some circumstances, use force to restrain or subdue detainees, including deadly
4   force. *See, Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 217.

5          93.    The misuse of such power is foreseeable by the employing agency, in
6   view of the considerable power and authority that police officers possess, it is
7   neither startling nor unexpected that on occasion an officer will misuse that
8   authority by engaging in assaultive conduct.  The precise circumstances of the
9   assault need not be anticipated, so long as the risk is one that is reasonably
10  foreseeable.  Sexual assaults by police officers are not uncommon; nevertheless,
11  the risk of such tortious conduct is broadly incidental to the enterprise of law
12  enforcement, and thus liability for such acts may appropriately be imposed on the
13  employing public entity. *See, Mary M. v. City of Los Angeles* (1991) 54 Cal.3d
14  202, 217-218.

15         94.    Defendants LAC, LASD and DOES 1-10 breached their duty of
16  reasonable care to Plaintiff by failing to exercise due care in, the hiring, training,
17  retention as an employee and supervision of Defendant ORTEGA.

18         95.    Defendants LAC, LASD and DOES 1-10 placed Defendant ORTEGA
19  in a position in which he could and did commit numerous tortious and criminal
20  acts against Plaintiff, between the time he initially spoke to her on the phone and
21  the point at which he entered and then left her home after sexually assaulting her.

22         96.    On information and belief, at all times material herein, Defendants
23  LAC, LASD and DOES 1-10 , knew or reasonably should have known that
24  Defendant ORTEGA was likely to engage in physical and or sexual abuse of
25  individuals he came in contact with and confidential information he had access to
26  and that harm to individuals would result.

27         97.    On information and belief, Defendants LAC, LASD and DOES 1-10
28  and DOES did not:

COMPLAINT FOR DAMAGES

1    100.   Plaintiff hereby repeats, realleges and incorporates by reference, as

2    though fully set forth herein, the allegations contained in each of the preceding

3    and succeeding paragraphs.

4    101.   Plaintiff is informed and believes and thereon allege that Defendants,

5    and each of them owed a duty of care towards Plaintiff  in which they were

6    required to prevent ORTEGA from obtaining personal information of Plaintiff and

7    using that information, raping to go to her residence, raping, sexually penetrating

8    and sexually assaulting Plaintiff.  Accordingly, this cause of action asserts a claim

9    for negligence against all Defendants in their individual capacities (other than the

10   County of Los Angeles and the LASD)  based on Plaintiff's allegations that all

11   Defendants owed a duty of care to the Plaintiff, that Defendants breached that duty

12   of care by allowing ORTEGA to obtain personal information of Plaintiff, and

13   using that personal information to go to Plaintiff's residence and raping, sexually

14   penetrating and sexually assaulting Plaintiff.

15   102.   As alleged herein, Plaintiff is further informed and believes and

16   thereon alleges that Defendants DOE Employees or Agents and other unknown

17   supervisors negligently hired, retained, supervised, trained, assigned and failed to

18   discipline the LASD employees responsible for Plaintiff's injuries.

19   103.  As a direct and legal result of the negligent acts and omissions of

20   Defendants, and each of them, Plaintiff has suffered damages, including, without

21   limitation, loss of earnings and earnings capacity, loss of enjoyment of life, pain

22   and suffering, emotional distress, medical expenses and future medical expenses.

23                         **PRAYER FOR RELIEF**

24   WHEREFORE, Plaintiff respectfully requests that this Court grant the

25   following, where applicable:

26   1.     General, special, economic and non-economic damages,

27   includingdamages for severe emotional distress, according to proof;

28   2.     Exemplary and/or punitive damages against individual Defendant

1   ORTEGA only, according to proof;

2        3.   In addition to actual damages, statutory damages and civil penalties

3   as allowed by law, including treble damages under California Civil Code §§52 and

4   52.1;.

5        4.   Attorneys' fees, reasonable expenses and costs of action, pursuant to

6   42 U.S.C. Sec. 1988, California. Civil Code Sees. 52, 52.1, 1708.5, and any other

7   federal or state provision which provides for such damages

8        5.   Interest as allowed by law; and

9        6.   Such other relief as is just and proper.

10                          **DEMAND FOR JURY**

11        Plaintiff Alison Kelleghan hereby demands a jury trial on all counts and

12   issues.

13   Dated: December 16, 2008                LONGO & LONGO, LLP

14

15                                          By: _____

16                                          Frank J. Longo
                                            Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

---

25.

COMPLAINT FOR DAMAGES

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS**

ALISON KELLEGHAN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Riverside
( EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

LONGO & LONGO, LLP
Lawrence M. Longo, Esq., Frank J. Longo, Esq.
2800 28th St., Suite #201
Santa Monica, CA 90405

**DEFENDANTS**

County of Los Angeles, Los Angeles Sheriff's Department, Sheriff Lee
Baca, Officer Ceasar Ortega

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION** (PLACE AN x IN BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
(For Diversity Cases Only)                FOR PLAINTIFF AND ONE FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multi-district Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23  DEMAND $ 5,000,000 ☒  Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

1. 42 U.S.C. Sect 1983, 2. Municipal Liability for Violation of Civil Rights, 3. California Civil Rights Violations, 4. Assault and Battery, 5. False
Imprisonment, 6. Intentional Infliction of Emotional Distress, 7. Negligence Infliction of Emotional Distress, 8. Negligent Hiring, Training, Supervision, ☐

---

**VII. NATURE OF SUIT** *(PLACE AN x IN ONE BOX ONLY)*

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety /Health | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | | | | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | |
| | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus/ Other | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 890 Other Statutory Actions | ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | | ☐ 555 Prison Condition | | |

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ YES ☒ NO

If yes, list case number(s): _____

CV  08  -  08458

**FOR OFFICE USE ONLY:**  ☐ Pro Hac Vice fee: ☐ paid ☐ not paid
Applying IFP _____  Judge _____  Mag. Judge _____

DEC 22 2008

**CIVIL COVER SHEET**
(Reverse Side)

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐YES  ☒NO

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

(CHECK ALL BOXES THAT APPLY)   ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;

☐ B.  Involve the same or substantially the same parties or property;

☐ C.  Involve the same patent, trademark or copyright;

☐ D.  Call for determination of the same or substantially identical questions of law, or

☐ E.  Likely for other reasons  may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐  CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

*Riverside , Ca*

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☒  CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

County of San Bernardino

List the California County, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**NOTE:** In land condemnation cases, use the location of the tract of land involved.

County of Riverside

**X.  SIGNATURE OF ATTORNEY (OR PRO PER): X** _____   **Date** ___12/16/08___ ☐
**NOTICE TO COUNSEL/PARTIES:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

```
LONGO & LONGO, LLP
Lawrence M. Longo, Esq. (SBN 43519)
Frank J. Longo, Esq. (SBN 175519)
2800 28th St., Suite #201
Santa Monica, CA 90405
(310) 314-1482
Fax (310) 314-1480
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON KELLEGHAN, <br><br> Plaintiff(s) | CASE NUMBER: <br> **08 CV 08458 GW (JWJX)** |
| v. <br> COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF LEE BACA, DEPUTY CEASAR ORTEGA, DOES 1 through 10, <br><br> Defendant(s) | **SUMMONS** |

TO:     THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Frank  J. Longo                                    , whose address is:

```
2800 28th St., Suite #201
Santa Monica, CA 90405
```

an answer to the ☒ complaint  ☐ _____ amended complaint  ☐ counterclaim  ☐ cross-claim which is herewith served upon you within    20    days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**TERRY NAFISI**

CLERK, U.S. DISTRICT COURT

Date:     DEC 2 2 2008

By: _____
    L. MURRAY
    Deputy Clerk
    (Seal of the Court)

---

CV-1A (01/01)

**SUMMONS**