LONGO & LONGO, LLP
Lawrence M. Longo, Esq. (SBN 43519)
Frank J. Longo, Esq. (SBN 175519)
2800 28th St., Suite #201
Santa Monica, CA 90405
(310) 314-1482
Fax (310) 314-1480
frankjlongo@yahoo.com

Attorneys for Alison Kelleghan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON KELLEGHAN,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DEPUTY CEASAR ORTEGA, DOES 1through 10,<br><br>        Defendants. | Case No.  CV08-08458 GW (JWJx)<br><br>*Assigned to the Honorable George Wu*<br><br>**JOINT RULE 26(f) REPORT**<br><br>**[F.R.Civ.P 26(f)]**<br><br>Action Filed: December 22, 2009<br><br>Trial Date: None |

## JOINT RULE 26(f) CONFERENCE REPORT

### A.    Introduction

On March 11, 2009, Catherine M. Mathers ("Mathers"), counsel for Defendants County of Los Angeles and County of Los Angeles Sheriff's Department ("COUNTY") conducted a meet and confer with Frank J. Longo ("Longo"), counsel for Plaintiff, Alison Kelleghan ("Plaintiff").  Defendant Cesar Ortega ("ORTEGA") has not yet appeared in this action; however, it is anticipated that he will be filing a responsive pleading on or before March 20, 2009.

## B.     Plaintiff's Claims

On April 23, 2008, in the early evening, Plaintiff called Men's Central Jail, a Detention Center in Los Angeles County, to learn the release date of an inmate. Plaintiff was connected with Defendant ORTEGA, Plaintiff inquired of him what the release date was of an inmate.  Defendant Officer ORTEGA asked Plaintiff for the inmate's booking number and informed Plaintiff of the inmates upcoming release date.  Defendant Officer ORTEGA then asked for Plaintiff's name, Plaintiff stated her name was Alison Jones and Defendant ORTEGA corrected her and stated I show your name as Alison Kelleghan and told her address.

Officer ORTEGA then commented on how long the inmate had been in prison, stating A wow that is a long time, I bet you haven't had any in a while@. Officer ORTEGA then stated he would see what he could find out about an early release date and he would print it up and bring it to Plaintiff.  Officer ORTEGA then called Plaintiff back on her the phone and informed her that he had some good news regarding the inmates release date and would bring it to her, Plaintiff told Officer ORTEGA that he did not need to bring her any papers, he said "well I printed up the papers and I think you are gonna like the release date."

At approximately 11:20 p.m., Officer ORTEGA appeared at Plaintiff's door. When Plaintiff opened the door to her house, Officer ORTEGA followed her inside, where he sexually assaulted, raped and sexually penetrated Plaintiff. At no time did Plaintiff consent to any sexual activity with Officer ORTEGA. The actions by Officer ORTEGA were accomplished against Plaintiff's will.  Plaintiff was prevented from resisting the acts of sexual penetration and oral copulation by Officer ORTEGA, who, by his actions, instilled fear of further physical injury or death in Plaintiff.  At all relevant times during Officer ORTEGA's sexual assault on Plaintiff he was wearing the uniform of a Los Angeles County Sheriff's Department police officer including his holstered gun.

///

C.     **COUNTY's Contentions**

The alleged actions of ORTEGA occurred while he was not on duty with the Sheriff's Department.  Further, the encounter with Plaintiff was outside the course and scope of his employment and occurred outside COUNTY's jurisdiction. Moreover, COUNTY's policy specifically prohibits the alleged activities of ORTEGA.  It is COUNTY's position that it is not liable for the actions of ORTEGA under State law as his actions were not within the course and scope of employment.  Additionally, COUNTY denies liability under Plaintiff's *Monell* theories as there is no custom, practice, or policy which caused Plaintiff's alleged constitutional injury.

## **F.R.C.P. Rule 26(f) Requirements**

D.     **Exchange Of Initial Disclosures (Rule 26(f)(3)(A)).**

The Parties will exchange initial disclosures by ***March 16, 2009.***

E.     **Discovery Phasing And Timing (Rule 26(f)(3)(B)).**

The Parties agree that this case does not require conducting discovery in phases or limiting it to particular issues.

1.     ***Depositions.***

COUNTY will take depositions regarding issues of liability and alleged damages.  COUNTY intends to depose Plaintiff, ORTEGA, and other percipient witnesses.  At this point, COUNTY is aware of 5 Riverside Police Department members, 2 percipient witnesses from Prisontalk.com, 3-4 family members and/or friends of Plaintiff, and several hospital personnel who may need to be deposed by COUNTY.  Thus, there is a possibility that COUNTY will need to seek leave of the Court to take additional depositions pursuant to F.R.Civ.P 30, if it becomes necessary.

Plaintiff anticipates taking the deposition of the unknown Deputies who were involved in the incident.

The Parties agree that the deposition of any independent witnesses that may

be identified will also be scheduled.

### 2.   *Written Discovery.*

The Parties intend to propound Special Interrogatories, Requests for Production of Documents, and Requests for Admissions on each other.  The Parties anticipate filing a stipulated protective order to allow the production of Defendant ORTEGA's personnel file and any internal investigation related to the incident.

### 3.   *Rule 35 Examination.*

COUNTY anticipates that Rule 35 examinations of Plaintiff will be needed. COUNTY will work with Plaintiff and try to obtain a stipulation for such examinations.  If Plaintiff is unwilling to stipulate, COUNTY will file the appropriate motion with the Court.

### 4.   *Non-Expert Discovery.*

The Parties propose the following discovery cutoff:  ***January 4, 2010***.

### 5.   *Expert Discovery.*

The Parties propose the following dates for expert discovery:

- Rule 26 Expert Disclosure:  ***December 30, 2009***
- Rebuttal Expert Disclosure:  ***January 29, 2010***
- Expert Discovery Cutoff: ***February 12, 2010***

### F.   Electronically Stored Data (Rule 26(f)(3)(C)).

The Parties do not anticipate any issues relating to the discovery or disclosure of electronically stored information.

COUNTY has agreed to produce requested non-privileged electronic data and emails relevant to this matter in printed format.  Requested non-privileged videotaped materials will be produced in a DVD format and requested non-privileged audiotaped materials in a CD format.

For purposes of possible forensic analysis, COUNTY has requested that Plaintiff preserve any and all computer hard drives, cell phones, or other electronic devices used to make notations, internet postings, telephone calls, texts, and/or

emails relevant to the incident and/or claims for damages.

### G.    Privilege Issues/Protected Information (Rule 26(f)(3)(D)).

COUNTY will seek the appropriate protective orders regarding information that is subject to privilege, such as the official information privilege for personnel files and internal investigations.

### H.    Changes To Discovery Limits (Rule 26(f)(3)(E))

Based on the number of witnesses anticipated to have relevant information, it may be necessary to increase the number of depositions permitted under F.R.Civ.P 30.

### I.    Other Orders (Rule 26(f)(3)(F)

Other than the requests for protective orders referenced above, none are anticipated at this time.

## LOCAL RULE 26-1 REQUIREMENTS

### J.    Complex Case Designation (L.R. 26-1(a))

The Parties agree that this is not a complex case such that the Manual for Complex Litigation should be utilized.

### K.    Motion Schedule (L.R. 26-1(b))

COUNTY anticipates filing a motion for summary judgment.

The Parties proposed the following deadline for dispositive motions to be heard: *February 8, 2010.*   Any Motions in Limine will be filed in compliance with the Court's Standing Order re: Final Pre-Trial Conference.

### L.    Settlement (L.R. 26-1(c))

The Parties agree to appear for a mandatory settlement conference before the assigned Magistrate Judge (Settlement Procedure No. 1 of L.R. 16-15.4).  The Parties have not had any settlement discussions to date.

### M.    Trial Estimate (L.R. 26-1(d))

The Parties estimate that 7-10 days will be needed for trial.  COUNTY and Plaintiff have requested a jury trial.

1

**N.     Additional Parties or Claims (L.R. 26-1(e))**

2       Plaintiff anticipates adding the unknown officer involved in the incident as

3  well as any supervising officers.

4       **O.     Bifurcation**

5       COUNTY will seek bifurcation of *Monell* claims.  Plaintiff opposes any

6  bifurcation.

7       **P.     Expert Witnesses (L.R. 26-1(f))**

8       The proposed schedule for the disclosure and depositions of expert witnesses

9  is set forth above in Section E.5.

10      **Q.     Related Cases**

11      The Parties are not aware of any other cases related to this matter.

12      **R.     Insurance**

13      COUNTY is self-insured pursuant to <u>Government Code</u> §§ 990 and 990.4.

14      **S.     Trial**

15      The Parties propose a final pre-trial conference date of ***March 18, 2010*** and a

16  trial date of ***March 30, 2010***.

17  Dated:     March     , 2009          COLLINS COLLINS MUIR + STEWART LLP

18

19

20                                       By:____/s/_____
                                            Catherine M. Mathers
                                            Attorneys for Defendants
21                                          County of Los Angeles and County of Los
                                            Angeles Sheriff's Department
22

23  Dated:     March     , 2009          LONGO & LONGO, LLP

24

25                                       By:____/s/_____
                                            Frank J. Longo
26                                          Attorneys for Plaintiff

27

28